# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2021

Lyle W. Cayce
Clerk

No. 21-50088
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAUDEL SALGADO-RODRIGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-303-2

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Raudel Salgado-Rodriguez appeals his conviction for conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (B)(i). He contends that the district court abused its discretion by denying his request for a jury instruction on the defense of withdrawal from the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

conspiracy. He asserts that his recorded interview supported a finding that he withdrew before his wife transported the aliens because he told her he did not want to be involved and she transported the aliens by herself as a result. According to Salgado-Rodriguez, the district court improperly weighed the credibility of that evidence by describing it as self-serving. He contends that the court was required instead to view the evidence in his favor and that the jury should have been allowed decide the question. The Government responds that withdrawal is not a defense to a Section 1324 conspiracy and, in the alternative, that Salgado-Rodriguez was not factually entitled to a withdrawal instruction. We review for abuse of discretion. *See United States v. Branch*, 91 F.3d 699, 711 (5th Cir. 1996).

We agree with the Government's alternative contention that, regardless of whether the defense was available, the district court did not abuse its discretion because the evidence did not support a finding that Salgado-Rodriguez withdrew from the conspiracy before any overt act was committed. *See United States v. Salazar*, 751 F.3d 326, 331 (5th Cir. 2014). Nor did it support a finding that he completely withdrew. *See United States v. Hoffman*, 901 F.3d 523, 545 (5th Cir. 2018). Accordingly, a reasonable jury could not have found that he was entitled to the defense, and the district court did not abuse its discretion in declining to issue the requested instruction. *See United States v. Arellano-Banuelos*, 927 F.3d 355, 364 (5th Cir. 2019).

AFFIRMED.